UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARC ANTWAIN X. RIVERS MUHAMMAD, SR., | : | **CIVIL NO. 3:11-CV-00350** |
| | : | (Judge Caputo) |
| Plaintiff | : | |
| | : | (Magistrate Judge Smyser) |
| v. | : | |
| | : | |
| CLEATRICE X. DEMPSEY, ASYIA RIGSBYE, YORRII (SASKA) HARDING, LUZERNE COUNTY COURT OF COMMON PLEAS - ORPHAN'S COURT DIVISION, THE SUPERIOR COURT OF PA and THE SUPREME COURT OF PA, | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

　　The plaintiff commenced this action by filing a complaint on February 23, 2011.

　　The defendants named in the complaint are: 1) Cleatrice X. Dempsey; 2) Asyia Rigsbye; 3) Yorrii (Saska) Harding; 4) the Luzerne County Court of Common Pleas Orphan's Court Division;

5) the Superior Court of Pennsylvania; and 5) the Supreme Court of Pennsylvania.

The plaintiff alleges the following in the complaint.

The plaintiff is the biological father of Naseem Johnson. By an Order dated August 17, 2000, Judge Olszewski *inter alia* granted custody of Naseem to the plaintiff and defendant Dempsey. At that time, the plaintiff and defendant Dempsey were married. Defendant Dempsey, however, is not the biological mother of Naseem.

On March 2, 2001, after numerous physical altercations with defendant Dempsey, the plaintiff filed for divorce from defendant Dempsey. After being served with the divorce complaint on March 2, 2001, defendant Dempsey did not return to her residence with the plaintiff. Rather, defendant Dempsey called defendant Harding, a case worker with Luzerne County Children and Youth Services. Defendant Harding sent a cab to the defendant Dempsey's work place and advised her what to do and how to do it. The plaintiff claims that defendant Dempsey

2

kidnapped Naseem and that defendant Harding aided and abetted defendant Dempsey in kidnapping Naseem.

The plaintiff notified the police that Dempsey had kidnapped his son. The police informed the plaintiff that there was nothing they could do because the Order of August 17, 2000 granted Dempsey custody.

On August 21, 2001, the plaintiff was sentenced to 9 to 12 months incarceration for simple assault not involving defendant Dempsey. While serving that sentence, on October 11, 2001, then Judge Ciavarrella granted the plaintiff's divorce from Dempsey.

While still in prison, the plaintiff filed a petition for visitation with Naseem. On February 1, 2002, the court ordered that physical and legal custody of Naseem shall be with defendant Dempsey, that the plaintiff's request for supervised visitation during his incarceration was denied and that the plaintiff complete anger management as previously ordered and follow the treatment recommendations of Dr. Fischbein prior to

3

resumption of contact with Naseem upon the plaintiff's release from incarceration.

After his release from custody, the plaintiff sought to have criminal charges filed against Dempsey for the kidnapping of Naseem. After having no success with the police or the FBI, the plaintiff filed a private criminal complaint against Dempsey. The District Attorney, however, decided not to prosecute that charge. The plaintiff filed a petition for review of the District Attorney's decision which was subsequently denied by Judge Mundy.

The plaintiff was released from prison in February of 2003. However, he was reincarcerated in August of 2003 after threatening to kill defendant Dempsey for kidnapping his son. He was sentenced to 10 to 50 months imprisonment for terroristic threats and other charges. He was in prison from August of 2003 to April of 2008.

In the meantime, the plaintiff filed complaints and appeals unsuccessfully challenging the custody orders of August 17, 2000 and February 1, 2002.

After the plaintiff was released from custody in April of 2008, he again sought to modify the custody orders. He filed a petition for modification of custody/visitation on September 24, 2008. A hearing was held on May 11, 2009. On June 9, 2009, Judge Brown awarded legal and physical custody of Naseem to defendant Dempsey and granted the plaintiff supervised visitation. The plaintiff appealed Judge Brown's Order. By an Order dated September 10, 2010, the Superior Court of Pennsylvania affirmed Judge Brown's Order. On December 1, 2010, the Pennsylvania Supreme Court denied the plaintiff's petition for allowance of appeal.

The plaintiff claims that the defendants have engaged in a conspiracy to deprive him of his parental rights, to deprive him of due process and to deprive him of equal protection of the law. More specifically, the plaintiff claims that because he is a Muslim the Luzerne Count Court of Common

5

Pleas and the Superior Court have engaged in outrageous conduct to defeat his parental rights. He also claims that the fact that the Superior Court turned a blind eye to his evidence is indicative of the animus and malicious cruelty that he has suffered as a black man and Muslim in the Pennsylvania courts. The plaintiff claims that defendants Dempsey, Harding and Rigsbye perjured themselves during the May 11, 2009 hearing. The plaintiff also claims that defendant Harding aided and abetted defendant Dempsey in kidnapping Naseem.

The complaint contains claims based on 42 U.S.C. § 1983, § 1985 and § 1986.[1]

As relief, the plaintiff is seeking custody of his son and the prosecution of Dempsey for kidnapping. The plaintiff further seeks nominal, compensatory and punitive damages.

---

1. The complaint also mentions 18 U.S.C. § 241. However, that is a criminal statute which does not give rise to a cognizable claim in a civil action. *See Lusick v. Lawrence,* 378 Fed.Appx. 118, 121 (3d Cir. 2010).

II. Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume

7

their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Some claims will demand relatively more factual detail to satisfy this standard, while others require less." *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

8

by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915(e)(2) which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal -
>     (i) is frivolous or malicious
>     (ii) fails to state a claim upon which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

Court Defendants.

The plaintiff's claims against the Luzerne County Court of Common Pleas, the Superior Court of Pennsylvania and the Supreme Court of Pennsylvania are barred by the Eleventh Amendment. *See Benn v. First Judicial District of Pennsylvania*,

9

426 F.3d 233, 241 (3d Cir. 2005)(holding that a Pennsylvania court is a state entity entitled to immunity from suit in federal court pursuant to the Eleventh Amendment).

Defendants Dempsey, Harding and Rigsbye.

The plaintiff claims that defendants Dempsey, Harding and Rigsbye perjured themselves during the May 11, 2009 hearing. However, witnesses are immune from damages under Section 1983 based upon their testimony in court. *Briscoe v. LaHue,* 460 U.S. 325, 345 (1983).[2]

The plaintiff also claims that defendant Dempsey kidnapped Naseem and that defendant Harding aided and abetted defendant Dempsey in kidnapping Naseem by sending a cab to defendant Dempsey's work place and advising defendant Dempsey what to do and how to do it.

---

2. The plaintiff's section 1983 claims against defendants Dempsey and Rigsbye also fail because the plaintiff has not alleged facts from which it can reasonably be inferred that defendants Dempsey and Rigsbye were acting under color of state law when testifying at the May 11, 2009 hearing.

10

"Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued." *O'Connor v. City of Newark,* 440 F.3d 125, 126 (3d Cir. 2006). Section 1985 claims are subject to the same statute of limitations. *Bougher v. Univ. of Pittsburgh,* 882 F.2d 74, 79 (3d Cir. 1989). The Pennsylvania statute of limitations for personal injury actions is two years. *Garvin v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir. 2003). A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which his action is based. *Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir. 1998). "A section 1985 claim accrues when the plaintiff knew or should have know of the alleged conspiracy." *Dique v. New Jersey State Police,* 603 F.3d 181, 189 (2010).

The plaintiff alleges that Naseem was kidnapped on March 2, 2001. From the allegations and exhibits attached to the complaint, it is clear that the plaintiff was aware of the purported kidnapping and defendants Dempsey and Harding's

11

alleged role in the purported kidnapping more than two years before he filed the instant action. Accordingly, the plaintiff's claims based on the purported kidnapping are barred by the statute of limitations.[3]

Before dismissing a complaint pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002). In the instant case, amendment would be futile.

---

[3]. The plaintiff's section 1985 claims also fail because the plaintiff has not alleged a conspiracy based on racial or some other class based invidiously discriminatory animus. *See Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)("The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."). It is not entirely clear as to which defendant or defendants the plaintiff presents his Section 1986 claim. However, without an actionable section 1985 claim, the plaintiff does not have an actionable section 1986 claim. *See Clark v. Clabaugh,* 20 F.3d 1290, 1295 n.5 (3d Cir. 1994). Moreover, the statute of limitations with respect to a section 1986 claim is one year. *See* 42 U.S.C. § 1986. The plaintiff has not alleged any facts which would implicate any actions or inactions on the part of defendants Dempsey, Harding or Rigsbye within the one-year statute of limitation.

IV. Recommendations.

Based on the foregoing, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: March 8, 2011.