**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARC ANTWAIN X. RIVERS
MUHAMMAD, SR.,

    Plaintiff,

          v.

CLEATRICE X. DEMPSEY, ASYIA
RIGSBYE, YORRII (SASKA) HARDING,
LUZERNE COUNTY COURT OF
COMMON PLEAS - ORPHANS' COURT
DIVISION, THE SUPERIOR COURT OF
PENNSYLVANIA and THE SUPREME
COURT OF PENNSYLVANIA,

    Defendants.

CIVIL ACTION NO. 3:11-CV-350

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

**MEMORANDUM**

Presently before the Court is Plaintiff Marc Antwain x. Rivers Muhammad, Sr.'s

Motion for Judgment on Fewer Than All Claims or Parties. Because Mr. Muhammad fails

to meet his burden of showing there is no just reason for delay of review, his motion will be

denied.

**I. Background**

Muhammad initiated this suit on February 23, 2010, asserting claims under 42 U.S.C.

§§ 1983, 1985(2)-(3), and 1986. On March 8, 2011, Magistrate Judge Smyser issued a

Report and Recommendation ("R & R") in which he recommended dismissal of the

complaint. I adopted in part and rejected in part the R & R on October 14, 2011, dismissing

all claims except a 42 U.S.C. § 1983 claim against Defendants Cleatrice Dempsey and

Yorrii Saska Harding.

On November 15, 2011, Mr. Muhammad filed an appeal as to the October 14 dismissal of his claims. The Third Circuit Court of Appeals advised him that it would not have jurisdiction over the appeal unless this Court directed the entry of a final judgment as to the dismissed claims pursuant to Federal Rule of Civil Procedure 54(b). Mr. Muhammad thus filed his motion for certification under Rule 54(b) on December 5, 2011. The motion has been briefed and is ripe for disposition.

## II. Legal Standard

Federal courts of appeals only have jurisdiction over appeals from "final decisions" of federal district courts. 28 U.S.C. § 1291. "Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291." *Carter v. City of Phila.*, 181 F.3d 339, 343 (3d Cir. 1999). Here, Plaintiffs wish to appeal the dismissal of their claims against Defendants Luzerne County and Gregory Skrepenak, but that order was not final for appellate jurisdiction purposes because it did not terminate all claims in the litigation. For this reason, they request that the Court certify those claims as final pursuant to Federal Rule of Civil Procedure 54(b).

Rule 54(b) creates an "exception to the finality rule." *Ortho-McNeil Pharm., Inc. v. Kali Labs., Inc.*, Nos. 02-5707, 04-0886, 06-3533, 2007 WL 1814080, at *2 (D.N.J. Jun. 2, 2007). The rule provides that in actions involving multiple parties or more than one claim for relief, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for

delay." Fed. R. Civ. P. 54(b).

In order for Rule 54(b) to apply, a district court must find that "(1) there has been a final judgment on the merits, i.e. an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'" *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (citing *Allis-Chambers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975), *overruled on other grounds by Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 6 (1980)). When determining whether there is a "just reason for delay," a court must balance "considerations of judicial administrative interests (preservation of the federal policy against piecemeal appeals) and equities (justice to the litigants)." *Carter*, 181 F.3d at 346 (citing *Curtiss-Wright*, 446 U.S. at 8). The Third Circuit Court of Appeals has laid out several factors for consideration:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 203 (citing *Allis-Chambers*, 521 F.2d at 364). The moving party bears the burden of demonstrating that a case is appropriate for certification under Rule 54(b). *Anthuis v. Colt. Indus. Operating Corp.*, 971 F.2d 999, 1003 (3d Cir. 1992).

### III. Discussion

Mr. Muhammad's motion must be denied because he has failed to meet his

burden of showing there is no just reason for delay. Mr. Muhammad did not file a brief in

support of his motion, noting that the motion was "self-explanatory." He did file a reply

brief in response to Ms. Harding's opposition brief, but he primarily addressed the merits

of his litigation and not the Rule 54(b) standard. His only argument in favor of

certification is that it would expedite and lower the cost of the litigation. Given the strong

policy against piecemeal litigation, Mr. Muhammad's proffered rationale is insufficient to

demonstrate that certification is appropriate here. The benefits of speedy litigation and

lowered costs will more likely be served by delaying appeal until the Court of Appeals

can address Mr. Muhammad's entire case. Thus, the October 14, 2011 dismissal of Mr.

Muhammad's claims will not be certified as a final judgment pursuant to Rule 54(b).

### IV. Conclusion

For the reasons stated above, Mr. Muhammad's motion will be denied. An

appropriate order follows.

 February 22, 2012                                    /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                                 United States District Judge