**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARC ANTWAIN X. RIVERS MUHAMMAD, SR., | CIVIL ACTION NO. 3:11-CV-350 |
| Plaintiff, | |
| | |
| v. | (JUDGE CAPUTO) |
| | (MAGISTRATE JUDGE SMYSER) |
| CLEATRICE X. DEMPSEY, ASYIA RIGSBYE, YORRII (SASKA) HARDING, LUZERNE COUNTY COURT OF COMMON PLEAS - ORPHANS' COURT DIVISION, THE SUPERIOR COURT OF PENNSYLVANIA and THE SUPREME COURT OF PENNSYLVANIA, | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Magistrate Judge Smyser's Report and Recommendation ("R & R") and Defendant Yurrii Safka Harden's[1] Objections. Magistrate Judge Smyser reviewed Ms. Harden's Motion to Dismiss and recommended that it be denied. Because Plaintiff Marc Antwain X. Rivers Muhammad, Sr.'s § 1983 conspiracy claim is not time barred, the R & R will be adopted and Ms. Harden's motion will be denied.

**I. Background**

A full recitation of the facts in Mr. Muhammad's complaint can be found in the opinion in *Muhammad v. Dempsey*, No. 3:11-cv-350, 2011 WL 4905513 (M.D. Pa. Oct. 14, 2011). The facts relevant to the instant motion are as follows:

Mr. Muhammad is the biological father of Naseem Johnson. On August 17, 2000, Judge Olszewski granted custody of Naseem to Muhammad and his then wife, Defendant

---

[1] The caption incorrectly lists Ms. Harden's name as "Yorrii Saska Harding."

Cleatrice Dempsey. Ms. Dempsey is not Naseem's biological mother.

On March 2, 2001, after numerous physical altercations with Ms. Dempsey, Mr. Muhammad filed for divorce from her.  After being served with the divorce complaint, Ms. Dempsey did not return to her residence with Mr. Muhammad.  Rather, she called Ms. Harden, a case worker with Luzerne County Children and Youth Services. Ms. Harden then assisted Ms. Dempsey in kidnapping Naseem by sending a cab to Ms. Dempsey's house and advising her on "what to do and how to do it." Mr. Muhammad notified the police that Ms. Dempsey had kidnapped his son, but the police advised him they could not act because of the court order granting custody to Ms. Dempsey.

Mr. Muhammad sought to have criminal charges filed against Ms. Dempsey for the kidnapping of Naseem.  After the police and FBI declined to file charges, Muhammad filed a private criminal complaint against Ms. Dempsey.  The District Attorney, however, decided not to prosecute that charge. Mr. Muhammad filed a petition for review of the District Attorney's decision; Judge Mundy denied the petition.

On September 24, 2008, Mr. Muhammad filed a petition for modification of custody/visitation.  A hearing was held on May 11, 2009.  At the hearing, Ms. Harden falsely testified that in September of 2001, Mr. Muhammad called 911 and told the police that if they did not come and take Naseem, Mr. Muhammad would kill the boy. Mr. Muhammad explains that although he did call the police in 2001 and ask them to take Naseem because he did not yet know that the boy was his biological son, he did not threaten Naseem's life. On June 9, 2009, Judge Brown awarded legal and physical custody of Naseem to Ms. Dempsey and granted Mr. Muhammad supervised visitation. Mr. Muhammad appealed the order; the appeal was denied.

2

Mr. Muhammad filed a complaint with the Middle District of Pennsylvania on February 23, 2010. On October 14, 2011, all his claims were dismissed with the exception of a claim under 42 U.S.C. § 1983 against Ms. Dempsey and Ms. Harden. Ms. Harden moved to dismiss on November 15, 2011; that motion has been fully briefed and is ripe for disposition. Magistrate Judge Smyser issued his R & R on March 1, 2012; Ms. Harden filed objections to the R & R on March 9, 2012.

## II. Legal Standards

**A.      Objections to the Magistrate Judge's Report**

Where objections to a magistrate judge's report are filed, a district court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify (in whole or in part) the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

3

**B.      Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Generally, a party must plead affirmative defenses such as the statute of limitations in its answer to a complaint.  *See* F.R.C.P. 12(b); *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). But a party may assert the statute of limitations defense in a 12(b)(6) motion if the "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson*, 313 F.3d at 135 (citing *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)).  A court may only dismiss a claim under 12(b)(6) where the bar is "apparent on the face of the complaint." *Robinson*, 313 F.3d at 135 (citing *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

## II. Discussion

Ms. Harden moves to dismiss Mr. Muhammad's § 1983 claim on the grounds that the statute of limitations has expired. The basis of Mr. Muhammad's claim is that Ms. Harden and Ms. Dempsey violated his rights by conspiring to kidnap his son. Ms. Harden argues that the statute of limitations for a conspiracy claim is the same as the statute of limitations for the tort underlying the conspiracy. In this case, because the statute of limitations has run on the underlying tort of kidnapping, *see Muhammad*, 2011 WL 4905513 at *4, Ms. Harden argues that the conspiracy to kidnap claim is untimely.

There is a difference, however, between the appropriate statute of limitations and the appropriate accrual date. The appropriate limitations period for a claim under 42 U.S.C. § 1983 is determined by state law. *See Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 79

4

(1989). Here, Ms. Harden correctly asserts that the appropriate limitations period would be the two-year period in Pennsylvania for torts like kidnapping. *See id.* But the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384 (2007). And in the Third Circuit, a § 1983 cause of action accrues on the date when the plaintiff knew or should have known about the alleged civil rights violation. *Bougher*, 882 F.2d at 80.

Mr. Muhammad's § claim is therefore timely. As determined in the original order upholding the § 1983 conspiracy claim, there is no evidence that Mr. Muhammad knew or should have known about the alleged conspiracy or Ms. Harden's involvement prior to when he heard Ms. Dempsey's testimony on May 11, 2009. *See Muhammad*, 2011 WL 4905513 at *4. Even applying the two-year statute of limitations related to the underlying tort, as Ms. Harden advises, Mr. Muhammad had until May 11, 2011 to file his claims. He filed in 2010, and therefore his claim does not run afoul of the statute of limitations. The cases cited by Ms. Harden do not refute this point. In *McCormick v. Farrar*, No. 02-2037, 2003 U.S. Dist. LEXIS 5066 (D. Kan. Mar. 20, 2003), the court applied the "knew or should have known" standard to determine the accrual date for the plaintiff's § 1983 conspiracy claim. The remainder of Ms. Harden's supporting cases are inapposite, as they involve the state tort of civil conspiracy as opposed to the federal cause of action under § 1983. Thus, Ms. Harden's motion to dismiss must be denied.

### IV. Conclusion

For the reasons stated above, Magistrate Judge Smyser's R&R will be adopted.

Ms. Harden's motion to dismiss will be denied. An appropriate order follows.


 March 22, 2012                                    /s/ A. Richard Caputo
Date                                               A. Richard Caputo
                                                   United States District Judge