**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARC ANTWAIN X. RIVERS MUHAMMAD, SR.,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:11-350** |
| : | |
| **v.** : | |
| : | **(JUDGE MANNION)** |
| **CLEATRICE X. DEMPSEY, ET AL.,** : | |
| : | |
| **Defendants** : | |

## MEMORANDUM

Before the court is defendant Harden's motion for reconsideration of the March 22, 2012 order, (Doc. No. 37) entered by the Honorable A. Richard Caputo, (Doc. No. 40)[1]. The defendant Harden asks this court to dismiss plaintiff's conspiracy claim for failure to adequately plead an underlying cause of action. As explained below, because a conspiracy claim does not provide an independent ground for recovery. The court will **GRANT** the motion for reconsideration and **DISMISS** plaintiff's conspiracy claim.

Plaintiff founds his conspiracy claim on the underlying tort of kidnaping, (Doc. No. 36, at 4), and perjury, (Doc. No. 60, at 14). Both the kidnaping and perjury claims, along with all other claims but conspiracy, were dismissed with prejudice by Judge Caputo on October 13, 2011.

In Pennsylvania,

---

[1]The above captioned case was reassigned to the undersigned, upon verbal order of the Honorable A. Richard Caputo, on January 4, 2013.

to state a cause of action for civil conspiracy, the following elements are required: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. ClinMicro Immunology Center, LLC v. PrimeMed, P.C., 11-CV-2213, 2012 WL 3011698, at *9 (M.D.Pa 2012) (quoting Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 313 (3d Cir. 2003)).

To assert a civil conspiracy claim, therefore, plaintiff must assert a valid underlying tort claim. ClinMicro, 2012 WL 3011698, at *9. Without an underlying tort, a person fails to plead a proper conspiracy claim because the person has not pointed to an unlawful act about which the defendants have conspired. Id.

Here, plaintiff originally founded his conspiracy claim upon kidnaping and perjury. (Doc. No. 36, at 4; Doc. No. 60, at 14.) Both of these claims, along with all other claims except conspiracy, were dismissed in a preliminary consideration of plaintiff's complaint. (Doc. No. 10.) As such, plaintiff has failed to adequately plead an underlying tort and, therefore, failed to plead conspiracy. As a result, the motion for reconsideration is **GRANTED** and plaintiff's conspiracy claim is **DISMISSED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

DATE: March 4, 2013

O:\Mannion\shared\MEMORANDA - DJ\2011MEMORANDA\11-350-02.wpd

2